UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| MATTHEW REYNA, | ) | |
|---|---|---|
| *Petitioner*, | ) | Case Nos. 1:21-cr-97 & 1:25-cv-71 |
| v. | ) | Judge Atchley |
| UNITED STATES of AMERICA, | ) | Magistrate Judge Steger |
| *Respondent.* | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Matthew Reyna's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [No. 1:21-cr-97, Doc. 35; 1:25-cv-71, Doc. 1]. For the following reasons, the Motion [No. 1:21-cr-97, Doc. 35; 1:25-cv-71, Doc. 1] is **DENIED**.

### I.   BACKGROUND

On August 24, 2021, Petitioner was indicted on one count of knowingly possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). *United States v. Reyna*, 1:21-cr-97, Doc. 1 (E.D. Tenn. Aug. 24, 2021). Shortly thereafter, Petitioner entered into a plea agreement with the Government pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. *Id.* at Doc. 15. Pursuant to this agreement, Petitioner would be sentenced to 53 months imprisonment followed by a three-year term of supervised release. *Id.* The Court accepted this agreement and sentenced Petitioner in accordance with its terms on March 25, 2022. *Id.* at Doc. 28. Petitioner's § 2255 Motion followed. [No. 1:21-cr-97, Doc. 35; 1:25-cv-71, Doc. 1]. In the Motion, Petition argues that his conviction and/or sentence must be vacated because 18 U.S.C. § 922(g)(1) is an unconstitutional infringement upon his Second Amendment rights as pronounced by the Supreme

Court in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, (2022). [No. 1:21-cr-97, Doc. 35; 1:25-cv-71, Doc. 1]. Petitioner is incorrect.

**II.    LAW**

Rule 4(b) of the of Rules Governing Section 2255 Proceedings requires the Court to "promptly examine" each § 2255 motion. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." See Rule 4(d) of the Rules Governing Section 2255 Proceedings. Here, the Motion must be denied for at least three reasons.

**1. Petitioner has waived his right to collateral review.**

Petitioner knowingly and voluntarily waived his right to collaterally attack his conviction and sentence in his plea agreement on any grounds other than (i) prosecutorial misconduct and/or (ii) ineffective assistance of counsel. *United States v. Reyna*, 1:21-cr-97, Doc. 15 ¶ 10(b) (E.D. Tenn. Oct. 22, 2021). "The Sixth Circuit has consistently enforced such waivers," even in situations like Petitioner's "where changes in the law post-date a defendant's conviction" *Brooks v. United States*, No. 2:23-cv-02753-MSN-tmp, 2025 U.S. Dist. LEXIS 19600, at *3 (W.D. Tenn. Feb. 4, 2025) (citing *Portis v. United States*, 33 F.4th 331, 335–39 (6th Cir. 2022)). Furthermore, "[i]t is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Keller*, 665 F.3d 711, 715 (6th Cir. 2011) (internal quotation marks omitted). Accordingly, Petitioner has waived his right to bring the instant constitutional challenge.

**2. The Motion is time-barred.**

Second, even if Petitioner had not waived his right to bring the instant constitutional challenge, his Motion would still be time-barred. § 2255 motions are subject to a one-year limitations period which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, Petitioner has not identified any alleged impediment to filing the Motion or new facts to support his claim. [*See* No. 1:21-cr-97, Doc. 35; 1:25-cv-71, Doc. 1]. Accordingly, the second and fourth potential start dates are not applicable. The third potential start date is similarly not applicable because "[t]o the extent that *Bruen* announced a new rule of constitutional law, the Supreme Court made no declaration that such a rule was retroactively applicable to cases on collateral review." *In re Brown*, No. 24-1479, 2024 U.S. App. LEXIS 28142, at *2–3 (6th Cir. Nov. 5, 2024).

This means that the first potential start date, the date Petitioner's judgment of conviction became final, governs when his one-year limitations period began running. *See* 28 U.S.C. § 2255(f). Petitioner was convicted on March 25, 2022. *United States v. Reyna*, 1:21-cr-97, Doc. 28 (E.D. Tenn. Mar. 25, 2022). Because Petitioner did not file a direct appeal, this means his conviction became final fourteen days later on April 8, 2022. *See Sanchez-Castellano v. United*

*States*, 358 F.3d 424, 428 (6th Cir. 2004) (holding where no appeal is filed, a judgment of conviction becomes "final" when the period for filing a direct appeal has elapsed); *see also* FED. R. APP. P. 4(b) (allowing party fourteen days to file appeal in criminal case). Accordingly, Petitioner had until April 8, 2023, to file the instant Motion. *See* 28 U.S.C. § 2255(f). As he did not file the Motion until February 25, 2025, the Motion is time-barred.

### 3. Petitioner's Constitutional Challenge is Meritless.

Even if Petitioner's Motion could be addressed on the merits, it would still fail. The Sixth Circuit recently reaffirmed that "922(g)(1) is constitutional on its face and as applied to dangerous people." *United States v. Williams*, 113 F.4th 637, 662–63 (6th Cir. 2024). Given Petitioner's previous drug and burglary convictions (and accompanying probation violations) as detailed in the Presentence Report prepared for his sentencing on the challenged §922(g)(1) conviction, he falls squarely in the category of dangerous people who may be constitutionally disarmed. *See id.* at 659–63. Consequently, there is no constitutional basis for vacating his sentence or conviction.

## III. CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [No. 1:21-cr-97, Doc. 35; 1:25-cv-71, Doc. 1] is **DENIED**. A separate judgment order will enter.

**SO ORDERED.**

        */s Charles E. Atchley, Jr.*
        **CHARLES E. ATCHLEY JR.**
        **UNITED STATES DISTRICT JUDGE**